IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**CHAVA NIKE' BEY,**

    **Plaintiff,**[1]

v.                                                    Case 2:17-cv-02597-SHL-cgc

**TERMINIX INTERNATIONAL, L.P., and**
**SERVICEMASTER GLOBAL HOLDINGS,**

    **Defendant.**

---

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS UNDER 42 U.S.C. SECTION 1983, ARTICLE VI OF THE UNITED STATES CONSTITUTION, THE UNITED NATIONS DECLARATION ON THE RIGHTS OF INDIGENOUS PEOPLES, AND THE TREATY OF PEACE AND FRIENDSHIP OF 1787 AND DEFENDANTS' MOTION TO STRIKE DOCKET ENTRIES 19 TO 19-7**

---

Before the Court are Defendant's Motion to Dismiss Plaintiff's Claims under 42 U.S.C. Section 1983 ("Section 1983"), Article VI of the United States Constitution ("Article VI"), the United Nations Declaration on the Rights of Indigenous Peoples ("U.N. Declaration"), and the Treaty of Peace and Friendship of 1787 ("Treaty") ("Partial Motion to Dismiss") (D.E. #13) and Defendant's Motion to Strike Docket Entries 19 to 19-7 ("Motion to Strike") (D.E. #20). The instant motions have been referred to the United States Magistrate Judge for Report and Recommendation and for determination, respectively.[2] For the reasons set forth herein, it is

---

[1] Plaintiff asserts that she was formerly known as Doris Anne Nettles (Am. Compl. at 2 ¶ 2).

[2] **Error! Main Document Only.** The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred

RECOMMENDED that Defendant's Partial Motion to Dismiss be GRANTED and it is ORDERED that Defendant's Motion to Strike be GRANTED.

## I. Introduction

On August 17, 2017, Plaintiff filed a *pro se* Complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* ("Title VII"). On November 21, 2017, Plaintiff filed an Amended Complaint alleging violations of Title VII, Section 1983, the U.N. Declaration,[3] the Treaty,[4] and Article VI. Plaintiff alleges that she was employed by Terminix International, L.P. ("Terminix") for twelve-and-a-half years, was intentionally discriminated against and retaliated against by Terminix's management since 2006, and was eventually terminated by the company. (*See* Am. Compl. at 2-10).[5]

On December 19, 2017, Defendants filed their Partial Motion to Dismiss asserting as follows: that Plaintiff's claim under Section 1983 must be dismissed because both defendants are private, non-governmental entities; that Plaintiff's claims under Section 1983 must be dismissed because it does not provide a remedy for acts of employment discrimination subject to Title VII; that Article VI does not create a private right of action of any type, including one for employment discrimination against a private employer; that Article VI does not apply to claims that are not against the United States; that Plaintiff's claims are not based on a contract or

---

pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

[3] The U.N. Declaration is available electronically at the following address: http://www.un.org/esa/socdev/unpfii/documents/DRIPS_en.pdf

[4] The Treaty is available electronically at the following address: http://www.loc.gov/law/help/us-treaties/bevans/b-ma-ust000009-1278.pdf

[5] Although Plaintiff does not expressly allege the basis of her discrimination, Defendants assert that it appears that she alleges discrimination on the basis of her race. (Am. Compl. at 6 ¶ 12).

engagement entered into before the adoption of the United States Constitution but instead upon her employment with a private company from 2003 until 2015; that this Court has no jurisdiction over Plaintiff's claims under the U.N. Declaration; that the U.N. Declaration does not create a private right of action against a private entity; and, the Treaty does not create a private right of action in a United States court against a private entity.

## II. Proposed Analysis on Defendant's Partial Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The

3

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### A. Section 1983

To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was

4

caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs*, 316 F.3d at 590 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). The Sixth Circuit recognizes three tests for determining whether private conduct is fairly attributable to the state: (1) the public function test, which requires that the private entity exercise powers which are traditionally reserved for the state; (2) the state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state; and, (3) the nexus test, which requires a sufficiently close relationship, such as through state regulation or contract, between the state and the private actor so that the action may be attributed to the state. *Tahfs*, 316 F.3d at 591 (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).

Here, both Terminix and Servicemaster Global Holding, Inc. ("Servicemaster") are private entities—a limited partnership and a corporation, respectively. Plaintiff does not assert any basis for their private conduct to be deemed fairly attributable to the state. Thus, Plaintiff may not pursue a Section 1983 claim against these Defendants. Accordingly, it is RECOMMENDED that Plaintiff's Section 1983 claim be DISMISSED for failure to state a claim upon which relief may be granted.

### B. U.N. Declaration

The U.N. Declaration serves to affirm the equality, contributions, and rights of indigenous peoples in relation to all other peoples. *See http://www.un.org/esa/socdev/unpfii/documents/DRIPS_en.pdf.* It neither creates a private right

of action in federal court nor provides this court with a conferral of jurisdiction. *Id.*; *see Amaru Mura Hussein Bey v. Ohio*, No. 1:11-CV-02048, 2011 WL 4007719, at *1-*2 (N.D. Ohio Sept. 9, 2011). "While this document may be of great importance to Plaintiff, it is not recognized by the United States federal courts as binding legal authority." *Lonnie Bray El v. City of Euclid*, No. 1:16CV2160, 2017 WL 2797389, at *10 n.8 (citing cases). Accordingly, it is RECOMMENDED that Plaintiff's claim pursuant to the U.N. Declaration be DISMISSED for failure to state a claim upon which relief may be granted.

  *C. Article VI*

  Article VI of the United States Constitution contains three clauses. U.S. Const. Art. VI. The first clause pertains to Debts Validated and states as follows: "All Debts contracted and Engagements entered into, before the Adoption of this Constitution, shall be valid against the United States under this Constitution, as under the Confederation." *Id.* at cl. 1. The second clause pertains to the Supreme Law of the Land and states as follows: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." *Id.* at cl. 2. The third clause pertains to oaths of office and states as follows: "The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; but not religious Test shall ever be required as a Qualification to any Office or public Trust under the United States." *Id.* at cl. 3.

None of these provisions create a private right of action, nor do they apply in any way to the allegations raised in Plaintiff's Complaint of discrimination and retaliation in her employment from 2006 until 2015. Accordingly, it is RECOMMENDED that Plaintiff's claim pursuant to Article VI of the United States Constitution be DISMISSED for failure to state a claim upon which relief may be granted.

### D. Treaty

In the Treaty, the country of Morocco recognized the independence of the United States and established peace and friendship between the two countries. *See http://www.loc.gov/law/help/us-treaties/bevans/b-ma-ust000009-1278.pdf*. However, it does not create a private right of action in federal court against a private entity, and other courts have held that reliance upon it is "facially frivolous." *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 557-558 (D.N.J. Oct. 17, 2011) (citing *Murakesh Caliphate of Amexem, Inc. v. New Jersey*, 790 F. Supp. 2d 241, 269-272 (D.N.J. May 13, 2011)). Accordingly, it is RECOMMENDED that Plaintiff's claim pursuant to the Treaty be DISMISSED for failure to state a claim upon which relief may be granted.

### III. Analysis on Defendants' Motion to Strike

Next, Defendants request that this Court strike Plaintiff's filings at Docket Entries 19 through 19-7. Document 19 is entitled "Plaintiff's Response to Defendants in Support of Motion for Partial Dismissal be Denied for Breach of Contract." (D.E. #19). Documents 19-1 through 19-7 are exhibits to this document. This document is in fact a sur-reply filed to Defendant's Partial Motion to Dismiss, as Plaintiff has already filed her Response. (*See* D.E. #17). Local Rule 12.1 does not authorize the filing of a sur-reply to a motion to dismiss, and Plaintiff has not

obtained leave of court to do so. Accordingly, it is ORDERED that Defendant's Motion to Strike be GRANTED.

**IV.**     **Conclusion**

For the reasons set forth herein, it is RECOMMENDED that Defendant's Partial Motion to Dismiss be GRANTED. It is further ORDERED that Defendant's Motion to Strike be GRANTED.

**IT IS SO ORDERED** this 24th day of July, 2018.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE
