# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CHAVA NIKE' BEY[1] aka Doris A. Nettles, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17-cv-02597-SHL-cgc |
| TERMINIX INTERNATIONAL, L.P. and SERVICEMASTER GLOBAL HOLDINGS, | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge Charmiane G. Claxton's ("Magistrate Judge") Report and Recommendation ("Report"), filed July 24, 2018, recommending that Defendant Terminix International, L.P., and Defendant Servicemaster Global Holdings's ("Defendants") Partial Motion to Dismiss Plaintiff Chava Nike' Bey's ("Plaintiff") Amended Complaint be granted. (ECF No. 24.) Plaintiff filed her Objections[2] to the Report, with accompanying exhibits (ECF No. 25), on August 6, 2018. Defendants filed a Response to Plaintiff's Objections

---

[1] Plaintiff asserts that she was formerly known as Doris Anne Nettles. (Am. Compl., ECF No. 9 at ¶ 2.)

[2] Defendants correctly note that Plaintiff styled her Objections to the Report as a Response to Defendants' Partial Motion to Dismiss, and that the clerk docketed it as such. (ECF No. 26 at PageID 319.) They consequently urge the Court to adopt the Report, inferring in part that Plaintiff has thus failed to timely object to the Report. (See id. ("To the extent Plaintiff intends Doc. 25 to be a response to Defendants' Motion for Partial Dismissal, it is untimely—her time to respond expired in January 2018, Plaintiff already responded to that motion, and the Magistrate Judge has issued a Report and Recommendation on that Motion.").) The Court construes Plaintiff's filing as her Objections to the Report precisely because she has "already responded" to Defendants' motion, and because the Court observes that she is acting pro se. Cf. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'").

on August 7, 2018.  (ECF No. 26.)  For the following reasons, the Report is hereby **ADOPTED** and Defendants' Partial Motion to Dismiss is thus **GRANTED**.

## BACKGROUND

On November 21, 2017, Plaintiff, a former employee of Defendant Terminix International, L.P., filed a pro se Amended Complaint, with exhibits, against her former employer and its parent company, Defendant Servicemaster Global Holdings.  (ECF No. 9.)  The Amended Complaint contains many allegations, taken as true for the purposes of this Motion, which are summarized below.

Plaintiff alleges, inter alia, that she suffered discrimination, a hostile work environment, and retaliation at the hands of her employer over a twelve-and-a-half-year tenure.  She contends that the treatment began with her refusal to participate in a 2006 workplace scheme she says was concocted by a "vicious, cruel and just plain evil" sales manager who wanted "to falsely accuse [Plaintiff's] then supervisor, Jesse Allen" of a non-descript company violation related to a personal loan transaction with Plaintiff that would purportedly result in Jesse Allen's untimely separation from the company.  (Id. at PageID 93; ECF 9-2 at PageID 105–06.)  Jesse Allen lodged a complaint with the Equal Employment Opportunity Commission ("EEOC") over the affair, the company's lawyers interviewed Plaintiff as they navigated the EEOC's investigation into the Jesse Allen affair, various players, allies and other acquaintances entered and exited the company, and then, Plaintiff alleges, her "real troubles started" as she "was continually discriminated, bullied and harassed with unjustified evaluations of [her] work and unjustified suspensions—without pay."  (Id. at PageID 93–94.)

Plaintiff further alleges that, after she took a nearly six-month "stress leave" in 2007, her supervisors started questioning her six-figure income, which she claims to have generated

through commissions. (Id. at PageID 94.) When the company subsequently lowered the percentage rate of commissions available for eligible sales, Plaintiff alleges that she had to work twice as much to sustain her level of income. (Id.) Moreover, despite being invited to the company's "Awards of Excellence Convention" for five straight years, which comes with travel and accommodations expenses at an all-inclusive resort of the company's choosing and spending cash, (ECF No. 9-2 at PageID 104–05), Plaintiff alleges that she was subsequently "deni[ed] and exclu[ded]" from attending for six consecutive years, without explanation (ECF No. 9-2 at PageID 107–08), despite maintaining a strong work performance. (ECF No. 9 at PageID 94.) She characterizes her exclusion from the awards convention as "blatant . . . intentional discrimination," "reckless," "brazen and absolute negligence," and "cruelty and abuse of power" that left her "ashamed and humiliated each year as they continued with the intimidation." (Id.)

Then, in 2015, when Plaintiff allegedly dared to tell her supervisor that she would like to bring her grievances directly to the company president, who was present on a routine site visit (ECF No. 9-2 at PageID 108), she also alleges that her department was "magically dissolved," which she characterizes as an "Unfair Constructive Dismissal," and the company "retaliate[ed] by interfering with the payment of Unemployment Compensation," offered her severance which she did not accept and did not agree to her purported severance agreement counter-offer. (ECF No. 9 at PageID 95–96.) After an unfruitful retaliation investigation by the EEOC, Plaintiff alleges that she attempted to collect pay and commissions she thought she was owed directly from Defendants, which she alleges denied her claims of racial discrimination and retaliation, but nevertheless offered her $500.00 in take-it-or-leave-it fashion. (Id. at PageID 97.)

On the basis of these alleged facts, Plaintiff brought causes of action including violations of, inter alia, 42 U.S.C. § 1983, (Id. at PageID 92); Title VII of the Civil Rights Act of 1964

3

(codified as amended at 42 U.S.C. § 2000e, et seq.), (Id.), possibly including a claim of racial discrimination, (Id. at PageID 97); the United Nations Declaration on the Rights of Indigenous Peoples ("UN Declaration") (Id.); the Treaty of Peace & Friendship of 1787 ("1787 Treaty") (Id.); and Article VI of the United States Constitution (Id.).

On December 19, 2017, Defendants filed a Partial Motion to Dismiss, seeking dismissal of Plaintiff's claims pursuant to 42 U.S.C. § 1983, the UN Declaration, the 1787 Treaty, and Article VI of the federal Constitution. (ECF No. 13.) In their motion, Defendants argue that Plaintiff failed to allege sufficient facts to establish a plausible right to relief under these theories.

Specifically, Defendants contend that Plaintiff cannot state a prima facie case under § 1983 because they are private entities, and Plaintiff alleges no facts to establish that their conduct is fairly attributable to the state—or that they acted under color of state law. (ECF No. 13-1 at PageID 211–13.) Additionally, Defendants argue that Plaintiff's claim under Article VI of the federal Constitution is defective for several reasons, chief among them that "Article VI itself does not create a private right of action." (Id. at PageID 213–14.) Similarly, Defendants assert that the UN Declaration and the 1787 Treaty create no private right of action against a private entity, and thus the Plaintiff cannot plausibly state those causes of action. (Id. at PageID 214.) Accordingly, Defendants conclude that the Court should dismiss Plaintiff's claims under these theories.

On January 17, 2018, Plaintiff filed her Response in Opposition to Defendants' Partial Motion to Dismiss. (ECF No. 17.) In her Response, Plaintiff concedes that § 1983 requires her to demonstrate action under color of state law, (Id. at PageID 231), but nevertheless she asserts that she had "expressed and pleaded in length [sic] the violation of 42 U.S.C. § 1983 sufficiently to survive Defendants [sic] motion to dismiss," (Id. at PageID 230). Beyond that, Plaintiff's

Response realleges, in summary fashion, the same legal conclusions contained in her Amended Complaint, followed by what can only be described as an incoherent mash-up of legal terms of art, case summaries, statutory provisions and brief analyses of those provisions' meanings. (See generally id.; see also generally ECF No. 17-3.) Along with her Response, Plaintiff filed an Affidavit that reasserts the same basic facts summarized above about the discrimination, intimidation and retaliation she allegedly suffered. (See generally ECF No. 17-1.)

In a short reply brief, Defendants argue, citing Weiner v. Klais & Co., 108 F.3d 86, 88, 6th Cir. 1997) and Fed. R. Civ. P. 12(d), that the Court should not consider Plaintiff's affidavit without converting the motion into a motion for summary judgment, and they reassert their position that Plaintiff's Amended Complaint and Response to their Motion to Dismiss fails to plausibly state claims under § 1983, the UN Declaration, the 1787 Treaty, and Article VI of the federal Constitution. (ECF No. 18 at PageID 252–53.)

On July 24, 2018, the Magistrate Judge entered her Report (ECF No. 24), recommending that the Court grant Defendants' Partial Motion to Dismiss, (ECF No. 13). The Magistrate Judge's Report largely embraces Defendants' arguments in their Partial Motion to Dismiss, adding only that the UN Declaration neither confers jurisdiction on the federal district courts nor receives recognition from them as binding authority. (ECF No. 24 at PageID 305–06.)

## STANDARD OF REVIEW

A magistrate judge may submit to a judge of the court recommendations for the determination of certain pretrial matters. 28 U.S.C. §§ 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact

5

or conclusions of law to which a party specifically objects. Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 72(b)(3). After reviewing objections, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). "A general objection that does not identify specific issues from the magistrate's report," on the other hand, "is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." Johnson v. Brown, No. 13-242-GFVT, 2016 WL 4261761, at *1 (E.D. Ky. Aug. 12, 2016) (citing Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

## ANALYSIS

Plaintiff's Objections to the Report provide no law which supports a different result than that reached by the Magistrate Judge. Although the Court observes that Plaintiff is acting pro se, and thus accords her the widest possible latitude in construing her filings, Plaintiff's Objections merely re-recite the factual allegations and legal conclusions that appear in other filings elsewhere in the docket. (See generally ECF No. 25.) She neither discusses nor even cites the Magistrate Judge's Report. This is not sufficient to overcome Plaintiff's burden with regard to this motion. See Johnson, 2016 WL 4261761, at *1. As frustrating as the alleged facts giving rise to this lawsuit might be to Plaintiff, and whatever other legal merit there might be to the Amended Complaint, the Court cannot in good conscience "unlock the doors of discovery," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), as to Plaintiff's implausibly pled claims under § 1983, the UN Declaration, the 1787 Treaty, and Article VI of the United States Constitution.

Therefore, the Magistrate Judge's Report is hereby **ADOPTED**.

## **CONCLUSION**

Having **ADOPTED** the Magistrate Judge's Report, the Defendants' Partial Motion to Dismiss is hereby **GRANTED**.

**IT IS SO ORDERED,** this 17th day of September, 2018.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                UNITED STATES DISTRICT JUDGE